

# UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES ATTORNEY'S OFFICE
WESTERN DISTRICT OF OKLAHOMA

210 PARK AVENUE, SUITE 400                                    OKLAHOMA CITY, OK 73102
PHONE: (405) 553-8700                                                      FAX: (405) 553-8888

October 22, 2024

Christopher M. Wolpert, Clerk
United States Court of Appeals
   for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

      Re:   *United States v. Harrison*
             Case No. 23-6028

Dear Mr. Wolpert:

      Pursuant to Fed. R. App. P. 28(j), the United States informs this Court about *United States v. Veasley*, 98 F.4th 906 (8th Cir. 2024), *cert. denied*, 2024 WL 4427336 (U.S. Oct. 7, 2024).

      In *Veasley*, the court held that § 922(g)(3) is facially constitutional using the test from *N.Y. State Rifle & Pistol Assn. v. Bruen*, 597 U.S. 1 (2002). Specifically, *Veasley* held that § 922(g)(3) is analogous to founding-era laws confining the mentally ill. *See* 98 F.4th at 912–16. The government made a similar argument in this case. *See* Aplt. Br. at 43–53; *see also* Reply Br. at 19–23.

      The Eight Circuit also upheld § 922(g)(3) as facially constitutional because it is relevantly similar—"[a]t least for *some* drug users"—to laws whose conduct poses a danger or induces terror in others. *Veasley*, 98 F.4th at 916–18. While it used a slightly different pedigree of laws, the government in this case made similar arguments. *See* Aplt. Br. at 14–42. Even if this Court ventured into the facts, Mr. Harrison is not like

the example cited in *Veasley*, some "80-year-old grandmother who uses marijuana for a chronic medical condition and keeps a pistol tucked away for [his] own safety." *Veasley*, 98 F.4th at 917–18.

    Finally, it is noteworthy that the Supreme Court denied certiorari, rather than granting certiorari, vacating the opinion, and remanding for further consideration (GVR) in light of *United States v. Rahimi*, 144 S. Ct 1889 (2024). Since *Rahimi*, the Supreme Court has GVR'd several Second Amendment cases, *see, e.g.*, *Vincent v. Garland*, 144 S. Ct. 2708 (2024); *Garland v. Range*, 144 S. Ct. 2706 (2024), but it denied certiorari in *Veasley*. While neither a GVR nor a denial of certiorari is a decision on the merits, *see Brown v. Davenport*, 596 U.S. 118, 142 (2022); *Henry v. City of Rock Hill*, 376 U.S. 776, 777 (1964) (per curiam), a GVR order by its very nature gives the lower court an opportunity to change its view; the denial of certiorari ends the litigation. and leaves the lower court's decision in place.

                                                              Sincerely yours,

                                                              ROBERT J. TROESTER
                                                              United States Attorney

                                                              <u>s/ Steven W. Creager</u>
                                                              Assistant U.S. Attorney

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

As required by Fed. R. App. P. 28(j), I certify that the body of the letter contains 349 words. I relied on my word processor to obtain the count and it is Microsoft Word 360.

This letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this letter has been prepared in a proportionally spaced typeface using Microsoft Word 360 in 14 point Century Schoolbook.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

s/ Steven W. Creager
Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

This is to certify that on October 22, 2024, I electronically transmitted the attached letter to the Clerk of the Court using the NextGen PACER System for filing and transmittal of a Notice of Docket activity to the following PACER registrant: J.P. Hill and Laura K. Deskin, counsel for Jared Michael Harrison.

s/ Steven W. Creager
Assistant U.S. Attorney